UNITED STATES

v.

**Staff Sergeant Keith L. CLINE, FR 281–54–8380, United States Air Force.**

ACM S27577 (f rev).

U.S. Air Force Court of Military Review.

Sentence Adjudged 17 June 1987.

Decided 18 Aug. 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Mark R. Bell.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Lieutenant Colonel Morris A. Tanner, Jr. and Captain Morris D. Davis.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

HOLTE, Judge:

Before a judge alone special court-martial the appellant was convicted of one charge of wrongful distribution of marijuana in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.

The appellant was a reserve non-commissioned officer who, along with other members of his unit, had been called to active duty for deployment to an overseas location for a period of two weeks to satisfy reserve requirements. At approximately 0830 hours on the morning of 25 April 1987, the date he was to report for active duty, the charged offense occurred. He pled not guilty to the charge and defended on the theory of entrapment. The military judge found him guilty as charged.

At trial, as before us, the appellant argues that the military was without *personam* jurisdiction to prosecute him for the charged offense, as such offense was committed prior to the appellant's commencing travel to his reporting location to begin his active duty tour. To fully understand the complicated issue before us it is necessary to set forth a factual scenario.

The AF Form 938, REQUEST AND AUTHORIZATION FOR ACTIVE DUTY TRAINING/ACTIVE DUTY TOUR, is dated 9 March 1987. Since there was no attack on this order there is a presumption that it is valid and proper. Block 11 of this order contains the reporting data. The information contained therein reads "0500 1987 APR 25." The people affected by this order include the appellant. On 5 April 1987, a briefing was conducted for all people being deployed as per the above cited order, including the appellant. Among the items discussed was the itinerary, which changed the reporting time from 0500 hours to 1600 hours on 25 April 1987. Attendees were informed that they would be subject to the Uniform Code of Military

Justice one minute past midnight on the effective date of the orders.

Because of the change in the reporting hour, the appellant did not leave his off base residence to meet the 1600 hour reporting time at Norton Air Force Base until 1535 hours on 25 April 1987.

To resolve the issue as to whether the military had *personam* jurisdiction to prosecute the appellant requires an analysis of procedures involved in bringing reserve personnel on active duty for their annual tour of duty. The authority for these procedures are contained in Air Force Regulation 10–7, *Administrative Orders* (Sept 86); Air Force Manual 30–130, *Base Level Military Personnel System, Users Manual*, Volume I, chapter 22, (Oct 86); and *DoD Military Pay and Allowances Entitlements Manual*, Table 1–2–1, Rule 7. It is these authorities that were used by the personnel specialists who testified at trial in explaining the various statuses of reserve personnel.

■ We start this analysis by defining the terms (1) self activating orders, (2) active duty status and (3) active duty service. Self executing orders are those, which if properly authenticated, require no further action to become effective. Active duty status is the customary term utilized to maintain an individual in a proper format and for accountability by the military personnel system. Active service is the term applied to the time when an individual actually reports and is ready to perform military duties.

■ Applying these defined terms to the evidence of record we arrive at the following conclusions. The AF Form 938, dated 9 March 1987, was a properly authenticated order. This order is what is known as a self activating or self executing order, which means that at 0001 hours, on 25 April 1987, the appellant was on active duty status. It should be noted that according to the AF Form 938, appellant's active service was to start at 0500 on 25 April 1987, however this time was later changed to 1600 on the same date. For clarification, it is noted that duty status does not depend on duty service. There is no relationship between status and duty, however a reservist must be in status to perform duty. It is status, as opposed to duty, that determines when pay and other entitlements and benefits accrue. Although the appellant did not have to report for duty until 1600 hours on 25 April 1987, the evidence establishes that his pay and other entitlements started as of 0001 hours on that date. The 1600 hour reporting time is of no significance in determining jurisdiction. This time element is controlled by the organization and its only purpose is to determine when the member must be present to begin active duty service. It would be illogical to conclude that under these circumstances the military did not have in *personam* jurisdiction over the appellant.

Article 2(a)(1) of the Uniform Code of Military Justice, 10 U.S.C. § 802(a)(1) states that "... persons lawfully called or ordered into, or to duty in or for training in the armed forces, from the dates when they are required by the terms of the call or order to obey it" are subject to the UCMJ. The appellant argues that he was not subject to the Code until 1600 hours on 25 April 1987 because that was the hour that his military duties were to begin. To accept this argument is to deny the uniformed services a means for a systematic accounting of force strength during any given 24 hour period of time. The cited code provision refers to "from the dates when they are required by the terms of the call or order to obey it." It does not refer to hours of the day or when reporting to active duty. We interpret the term "from the dates" to mean that a day is that time between the hours of 0001 hours and 2400 hours. Therefore, we conclude that at 0001 hours on 25 April the appellant was under jurisdiction of the military for prosecution purposes for the charged offense which occurred at approximately 0830 on that morning. The assigned issue is decided against the appellant.

We have examined the record of trial and conclude that the findings of guilty and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was

committed. Accordingly, the findings and sentence are

AFFIRMED.

Chief Judge HODGSON and Senior Judge FORAY concur.